UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1821 SVW(JC) | Date | May 25, 2016 |
|---|---|---|---|
| Title | T. Carroll v. State of California, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

On March 1, 2016, petitioner, a state prisoner who is proceeding *pro se*, signed a "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Appointment of Counsel, Immediate Release, $1,638,500 Compensation" ("Petition") which was formally filed on March 17, 2016. On March 22, 2016, the District Judge denied the Petition to the extent it sought a preliminary injunction and a temporary restraining order. (Docket No. 3 at 1-2). In doing so, the District Judge noted that "[p]etitioner challenges a conviction for aiding and abetting grand theft[,]" and, in particular, "appears to contend that he suffers from chronic traumatic encephalopathy ("CTE") and his attorneys were ineffective in failing to present evidence of his CTE at trial." (Docket No. 3 at 1). Accordingly, this Court construes the Petition to be a petition for writ of habeas corpus brought pursuant 28 U.S.C. § 2254. Notwithstanding the foregoing, this Court notes that petitioner makes a series of other allegations (*e.g.*, that his Proposition 36 [1] attorney was ineffective, that the state courts improperly failed to consider that he suffered from CTE, that he has been falsely imprisoned and is entitled to immediate release and monetary relief, that his sentence of 25-years-to-life is disproportionate to that of others). This Court further notes that the Petition is deficient and lacks clarity in multiple respects.

First, the Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions. See Local Rule 83-16; Rule 2(d) of the Habeas Rules.

---

[1] Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences. See Cal. Penal Code § 1170.126.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1821 SVW(JC) | Date | May 25, 2016 |
|---|---|---|---|
| Title | T. Carroll v. State of California, et al. | | |

    Second, the Petition improperly names the State of California as a Respondent.  See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent).   An appropriate respondent is petitioner's immediate custodian (i.e., the prison warden at the facility where he is currently housed).  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto.  The failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

    Third, the Petition is not signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242, as required by Rule 2(c)(5) of the Habeas Rules and Local Rule 83-16.2.

    Fourth, the Petition seeks monetary relief.  Monetary damages are not available to a petitioner in a habeas action.  Shivers v. On Habeas Corpus, 2007 WL 177853 *1 (E.D. Cal. Jan. 23, 2007), report and recommendation adopted, 2007 WL 1192428 (Apr. 23, 2007).[2]

    Fifth, to the extent the Petition challenges the original judgment/sentence imposed in the underlying state case (as opposed to a subsequent denial of request for resentencing predicated upon, for example, Proposition 36), it is successive and the Court is without jurisdiction to consider it absent authorization from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit").  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).  The Court takes judicial notice of the docket and filings in Central District of California Case No. CV 03-9002-SJO-VBK, in which petitioner previously filed a federal petition for writ of habeas corpus challenging the judgment in the underlying state case, the assigned District Judge denied such petition on the merits and dismissed the action with prejudice, and the Ninth Circuit subsequently denied a certificate of appealability.

    Sixth, pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  The Petition does not currently do so.

///

---

    [2]The Court notes, in any event, that a claim for monetary damages based upon petitioner's alleged false imprisonment in the underlying state case, would appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994) (to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, plaintiff must prove that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state court, or called into question by a federal court's issuance of a writ of habeas corpus).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1821 SVW(JC) | Date | May 25, 2016 |
|---|---|---|---|
| Title | T. Carroll v. State of California, et al. | | |

      In light of the foregoing, petitioner is ordered by not later than **June 14, 2016** to show cause why the Petition should not be dismissed based upon the above-referenced deficiencies. Petitioner's filing of a first amended petition for writ of habeas corpus which cures such deficiencies by such date will be a sufficient response to this Order to Show Cause.[3] The Clerk is directed to provide petitioner with a blank current Central District habeas petition form for petitioner's use in the event he chooses to file a first amended petition. Alternatively, in the event petitioner elects not to proceed with this action, he may expedite matters by signing and returning the attached Notice of Dismissal.[4]

      **Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition based upon the above-referenced deficiencies and/or the dismissal of this action based on petitioner's violation of this Order to Show Cause and/or petitioner's failure to prosecute.**

      IT IS SO ORDERED.

Attachments

      Initials of Deputy Clerk: hr

---

[3] Any first amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, without cross-reference to the original Petition.

[4] The Court's orders herein constitute non-dispositive rulings on pretrial matters. To the extent petitioner disagrees with such non-dispositive rulings, he may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent petitioner believes the rulings to be dispositive, rather than non-dispositive, he has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. He will be foreclosed from challenging the rulings herein if he does not seek review thereof, or object thereto.