UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. CARROLL,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. CV 16-1821 SVW(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

**I.    BACKGROUND AND SUMMARY**

On March 1, 2016, petitioner, a state prisoner who is proceeding *pro se*, signed a Petition which has been liberally construed to be a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. On May 25, 2016, the Magistrate Judge issued an Order to Show Cause ("OSC") which advised petitioner that the Petition was deficient for multiple reasons described in the OSC, directed petitioner to show cause why the Petition should not be dismissed based upon such deficiencies, advised petitioner that the filing of a first amended petition for writ of habeas corpus which cured the deficiencies in the Petition would be a sufficient response to the OSC, and directed the Clerk to provide petitioner with a

blank Central District of California habeas petition form for petitioner's use.[1] (Docket No. 6). The OSC further expressly advised petitioner that the failure timely to respond thereto may result in the dismissal of the Petition based upon the referenced deficiencies and/or the dismissal of this action based upon petitioner's failure to comply with the OSC and/or his failure to prosecute. (Docket No. 6). The Court has extended petitioner's deadline to respond to the OSC multiple times, cautioning that the failure timely to respond to the OSC may result in the dismissal of the Petition based upon the identified deficiencies therein and/or the dismissal of this action based on petitioner's violation of the OSC and/or petitioner's failure to prosecute. (Docket Nos. 13, 15). Most recently, the Court extended petitioner's deadline to respond to the OSC to May 15, 2019. (Docket No. 15).

Although the foregoing extended deadline to respond to the OSC expired more than three weeks ago, petitioner has not filed a first amended petition curing the identified deficiencies in the Petition or otherwise responded to the OSC.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the OSC.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed

---

[1] Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that the Petition is deficient in the following respects: (1) it has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it does not name a proper respondent; (3) it is not signed under penalty of perjury by petitioner or a person authorized to sign it for him; (4) it seeks monetary relief; (5) to the extent it challenges the original judgment/sentence imposed in the underlying state case (as opposed to a subsequent denial of a request for resentencing predicated upon, for example, Proposition 36), it is successive and the Court is without jurisdiction to consider it absent authorization from the United States Court of Appeals for the Ninth Circuit; and (6) it does not allege that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. (Docket No. 6).

to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).[2]

      In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/ respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

      Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the operative pleading so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the

---

[2]Pursuant to Rule 12 of the Habeas Rules, the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings. Applying Rule 41(b) of the Federal Rules of Civil Procedure (and its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

operative pleading with leave to amend, the District Judge must review that decision before dismissing the entire action. See <u>McKeever</u>, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 992 (9th Cir. 1999) (citing <u>id.</u>).

### III. DISCUSSION AND ORDERS

First, the Court has reviewed the OSC, agrees with the OSC, and finds that the OSC was properly issued for the reasons discussed therein.

Second, petitioner has been notified that the Petition is deficient in multiple respects, has been granted leave to file a proper first amended petition and has been afforded ample opportunity to show good cause why dismissal of the Petition and this action would not be appropriate. Petitioner has not done so.

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply with the OSC warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directives. The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the OSC, has been afforded the

opportunity to do so and has not done so despite being granted multiple extensions, no sanction lesser than dismissal is feasible.

IT IS THEREFORE ORDERED that this action is dismissed based upon petitioner's unreasonable failure to prosecute and his failure to comply with the OSC, and that judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action and the judgment on petitioner and any respondent who has appeared in this action.

IT IS SO ORDERED.

DATED: July 10, 2019

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE